**UNITED STATES of America,
Appellee,**

v.

**Irwin E. BLOOM, Defendant–
Appellant.**

**Docket No. 01–1630.**

United States Court of Appeals,
Second Circuit.

Aug. 15, 2002.

Harold J. Ruvoldt, Jr., Edwards & Angell, New York, N.Y. (Jordana Serebrenik and Jeffrey C. Dodson, on the brief), for Appellant.

Patricia A. Pileggi, Assistant United States Attorney for the Eastern District of New York, Brooklyn, N.Y. (Alan Vinegrad, United States Attorney, and Jo Ann M. Navickas, Assistant United States Attorney, on the brief), for Appellee.

PRESENT: JACOBS, CABRANES, F.I. PARKER, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be AFFIRMED.

Defendant–Appellant Irwin Bloom appeals from a judgment, entered in the United States District Court for the Eastern District of New York (Trager, *J.*), convicting him, following a jury trial, on two counts of attempted income tax evasion, in violation of 26 U.S.C. § 7201. On appeal, Bloom argues that the district court erred in (1) failing to issue a promised curative jury instruction; (2) permitting the government to introduce allegedly irrelevant and prejudicial evidence and barring Bloom from introducing alleged rebuttal evidence; and (3) failing to dismiss the indictment by reason of the government's five-year delay in bringing an indictment.

As to the promised jury instruction, Bloom's argument is not supported by the record. The curative jury instruction at issue was neither assured nor unconditional. After summations, the district court ruled that the curative jury instruction was unnecessary. Moreover, Bloom cannot show that he was substantially misled in formulating his argument or otherwise prejudiced by the failure of the district court to give the instruction. *United States v. Crozier,* 987 F.2d 893, 900 (2d Cir.1993) (citations omitted). Bloom's lawyer alluded to the instruction in summation, but he proceeded to argue at length about the very point expressed in the instruction. Bloom did not rely on the district court to make this point; his lawyer argued it exhaustively in summation.

As to the evidentiary rulings: even if Bloom prevailed on all the evidentiary rulings that he challenges on appeal, there was ample evidence to support the verdict that the commission fees at issue were taxable income, not a gift, and that Bloom (a C.P.A.) knew this. The evidence at issue on appeal was "unimportant in relation to everything else the jury considered on the issue in question." *See United States v. Germosen,* 139 F.3d 120, 127 (2nd Cir. 1998) (citations omitted). Any error alleg-

edly committed by the district court was therefore harmless.

Finally, as to the pre-indictment delay, Bloom can demonstrate neither actual prejudice nor intentional tactical delay in obtaining the indictment-the showing necessary for him to prevail. *See United States v. Cornielle*, 171 F.3d 748, 752 (2d Cir.1999).

For the reasons set forth above, the judgment of the district court is hereby AFFIRMED.